(23 Misc. Rep. 768.)

## KELLY v. THEISS.

(City Court of New York, General Term. May 10, 1898.)

BILLS AND NOTES—INDORSEMENT—CONSIDERATION.

Evidence as to whether defendant received any consideration for the indorsement of the note in suit was not admissible where there was no claim that he had received a consideration.

Appeal from trial term.

Action by Bridget M. Kelly against Alice M. Theiss and others. Judgment for plaintiff. From an order denying a new trial, defendant Alice M. Theiss appeals. Affirmed.

Argued before McCARTHY, O'DWYER, and SCHUCHMAN, JJ.

Fromme Bros., for appellant.

Arthur J. Westermayer, for respondent.

O'DWYER, J. The plaintiff testified that she loaned the defendant George Theiss the sum of $200 in cash, upon condition that he would have the defendant Alice Theiss indorse the note in suit; that Alice Theiss did so indorse the note, and thereafter it was delivered to the plaintiff. For the defendant it was claimed that the indorsement was procured for the purpose of enabling the plaintiff to have the note discounted, and upon an agreement that the plaintiff would not hold the defendant, or enforce any liability, by reason of such indorsement. The conflict in the evidence was submitted to the jury, fairly and impartially, by the learned trial justice, and the jury found for the plaintiff, and that verdict is sustained by a fair preponderance of evidence. No claim was made that the defendant Alice Theiss had received any consideration for her indorsement; that indorsement having been procured for the purpose of enabling George Theiss to obtain a credit with the plaintiff. It follows that the objection to the question whether this defendant received any consideration for the indorsement was properly sustained.

We think that the case was properly disposed of below, and that the judgment and order appealed from should be affirmed, with costs.

SCHUCHMAN, J., concurs.